IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| ENERGYSOLUTIONS FEDERAL SUPPORT, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 25-cv-1336 |

### NORTHSTAR MARITIME DISMANTLEMENT SERVICES, LLC'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("Rules"), NorthStar Maritime Dismantlement Services, LLC ("NorthStar") respectfully moves to intervene in the captioned protest. NorthStar seeks to intervene to protect its rights as the awardee under the protested competitive procurement under Solicitation No. N00024-25-R-4135 by the Department of the Navy ("Agency" or "Navy").

Counsel for the United States and for Plaintiff Energy*Solutions* Federal Support, LLC represented they do not oppose this motion.

**I.   Background**

The Agency issued the Solicitation in October 2024 seeking support for dismantling and disposing of the USS Enterprise, a decommissioned nuclear-powered aircraft carrier. The Agency issued an award to NorthStar on May 30, 2025.

**II.   Argument**

This Court should permit NorthStar to intervene as a matter of right. Under Rule 24(a) a

party may intervene as of right if it

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2).

NorthStar meets this requirement. As the awardee under the protested Solicitation, NorthStar has a substantial interest in the litigation, as its economic well-being will be affected by the Court's resolution of this matter. If the Court rules in favor of Plaintiff, NorthStar's interests would be affected because it could lose this contract opportunity. Although the United States shares an interest in demonstrating the Agency's award decision was proper, its interests do not overlap completely with NorthStar's. Only NorthStar can adequately and fully protect its interests under the protested Solicitation.

"The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). This is especially true where, as here, Plaintiff seeks to overturn the Agency's reasoned evaluation and award to NorthStar.

Accordingly, NorthStar meets the requirements of Rule 24(a)(2) and respectfully requests that the Court grant its unopposed motion to intervene as of right.

Alternatively, this Court should exercise its discretion and permit NorthStar to intervene. Rule 24(b) says a court may permit a party to intervene if said party "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). In exercising its discretion, the court should "consider whether the intervention will unduly delay or prejudice

the adjudication of the original parties' rights." Rule 24(b)(3).

NorthStar's defenses before this Court share common questions of law and fact with Plaintiff's challenges. Moreover, both the United States and NorthStar contend that the Agency's evaluation and ultimate award to NorthStar were proper and in accordance with law and regulation. Additionally, NorthStar's participation in these proceedings will not unduly delay or prejudice the adjudication of this matter, as NorthStar will propose to submit briefs on the same schedule as the Court establishes for the other parties.

Accordingly, this Court should grant NorthStar's motion under Rule 24(b).

### III.   Conclusion

For the foregoing reasons, NorthStar respectfully requests that the Court grant its motion to intervene.

Dated: August 14, 2025              Respectfully submitted,

**/s/ Luke Meier**
Luke W. Meier
BLANK ROME LLP
1825 Eye Street, NW
Washington, D.C.  20006-5403
T: (202) 420-2218
F: (202) 403-3550
Luke.meier@blankrome.com
*Counsel for NorthStar Maritime Dismantlement Services, LLC*

Of Counsel:

Shane Hannon
Shane.hannon@blankrome.com