# APPENDIX B



**brown**rudnick

KENNETH B. WECKSTEIN
kweckstein@brownrudnick.com
(202) 536-1750

JUNE 9, 2025

VIA EMAIL TO JAMES.F.MCGOWAN6.CIV@US.NAVY.MIL

James McGowan
Contracting Officer
U.S. Department of the Navy
Naval Sea Systems Command (HQ)
1333 Isaac Hull Avenue SE
Washington Navy Yard
Washington, DC 20376

**CONTAINS CONFIDENTIAL BUSINESS
INFORMATION EXEMPT FROM DISCLOSURE
UNDER THE FREEDOM OF INFORMATION ACT**

RE:  **Agency Protest of HII ShipCycle, LLC under Solicitation No. N00024-25-R-4135**

Dear Mr. McGowan:

Pursuant to Federal Acquisition Regulation ("FAR") 33.103, HII ShipCycle, LLC

("ShipCycle")[1] files this protest against the Navy's decision to eliminate ShipCycle from

the competition under Navy Solicitation N00024-25-R-4135 (the "Solicitation").

ShipCycle further protests the Navy's decision that the other offerors in the procurement

proposed reasonable prices. Thus, even if the Navy properly determined that

███████████████████████████████████████████ , the Navy should

have determined that no offerors were eligible for award because the other offerors in

the procurement all proposed unreasonable prices, and the Navy should request

revised proposals from all offerors.

---

[1]  ShipCycle's address is ███████████████████████████ , and its
telephone number is ███████ .



James McGowan, Contracting Officer
June 9, 2025
Page 2

The basis for this protest is that the Navy abused its discretion and did not properly apply the facts and law when it determined that ShipCycle's ███████████ ██████████████████████████████████ The Navy further acted arbitrarily in finding ███████████████████████████████ when the Navy knew ██████████████████████████ in its January 5, 2025 proposal (the "Initial Proposal")--a price based on the same or even more stringent requirements than those in the Amendment 0004 (through which the Navy had requested Final Proposal Revisions ("FPRs")). **Shouldn't the Navy ask itself** ████████████████

████████████████████████████████████

████████████████████████████████████

## I.    BACKGROUND

RFP Section L.3 required offerors to submit their proposals through the "Procurement Integrated Enterprise Environment (PIEE) website Solicitation module." A legend at the top of that website identifies it as "An official website of the United States government." The RFP did not include any special instructions or identify any special technical requirements for uploading proposals for this procurement into PIEE. Thus, offerors presumably were expected to rely on the technical documentation and instructions provided by the Government on the PIEE website. ShipCycle did follow the instructions on the PIEE website,[2] just as it did when it successfully uploaded its initial proposal to PIEE in January 2025, and just as ShipCycle personnel have done many times before in other procurements.

---

[2]   For example, the documentation says that the maximum upload size is 1.9GB and ShipCycle tried to upload only 1.7GB.

 James McGowan, Contracting Officer
June 9, 2025
Page 3

In accordance with Section L.3, ShipCycle began at 1:30 pm on April 23, 2025, to upload its FPR to the PIEE website Solicitation module. This is the same method by which ShipCycle timely and successfully uploaded its initial proposal **in under ten minutes** on January 5, 2025.

For the FPR, ShipCycle allowed 90 minutes--to submit its FPR. Given that ShipCycle had previously submitted its Initial Proposal through the same U.S. Government website and the Initial Proposal submission was completed in under 10 minutes, with the individual files uploading in approximately two minutes each, it was reasonable for ShipCycle to believe that the website would operate properly and that ShipCycle's FPR would be submitted, and would be acknowledged by the Navy, well in advance of the 3:00 pm deadline. Nonetheless, due solely to the fact that the Government's PIEE website malfunctioned and did not perform as experienced in January, ShipCycle was unable to submit its entire FPR before 3:00 pm on April 23, 2025.

ShipCycle notified the Navy in real time of the problems that were encountered by it in using the PIEE website. Additionally, ShipCycle briefly summarized the events in an email dated April 23, 2025, 10:10 PM to Procuring Contracting Officer James McGowan and Contract Specialist Robert Whitlow of the Navy.

ShipCycle does not know whether other offerors encountered problems with the PIEE website that the Navy directed offerors to use to submit their FPRs. ShipCycle does know that:

- ShipCycle alerted the Navy of the problems at 2:14 PM, when 46 minutes remained for submission of proposals.

- By email dated April 23, 2025, 2:18 PM (when 42 minutes remained for submission of proposals), the Navy's Procuring Contracting Officer wrote, "Just logging in now **I had some issues with the landing page of the Solicitation module**, but they were cleared up when I refreshed the page."[3] (He did not, however, try to upload a proposal.)

- After the 3:00 pm proposal submission deadline had passed, the procuring contracting officer advised ShipCycle to continue attempting to submit ShipCycle's entire FPR.

ShipCycle followed the Contracting Officer's instructions and, at about 9:41 pm on April 23, 2025, ShipCycle was able to complete submission of its FPR. In all, it took ShipCycle 8 hours and 11 minutes to submit its FPR—in contrast to the less than 10 minutes (2 minutes for file loading) it took ShipCycle to upload its Initial Proposal. Even considering the larger number of files and larger aggregate file size of the FPR submission, it was certainly reasonable for ShipCycle to expect file uploads to occur in under 30 minutes, not to take more than 8 hours.

As mentioned, ShipCycle complied with the system documentation. For example, the documentation says that the maximum upload size is 1.9GB and ShipCycle tried to upload only 1.7GB. ShipCycle even tried to circumvent the problems it was experiencing through such means as loading smaller batches of files at a time, but that did not help. Notably, also, the system documentation says that the system will accept

---

[3]  Emphasis added.



James McGowan, Contracting Officer
June 9, 2025
Page 5

Microsoft Project files, but it did not accept them, so ShipCycle had to email those files to the Contracting Officer.

ShipCycle has previously brought the above facts to the Navy's attention. Nevertheless, by letter dated May 30, 2025, the Navy advised ShipCycle "that HII ShipCycle, LLC ("ShipCycle") has been eliminated from the competition for solicitation N00024-25-R-4135 (the Solicitation) as its proposal was late."

## II.    PROTEST GROUNDS

### A.    The Navy's refusal to accept and evaluate ShipCycle's FPR was arbitrary.

Pursuant to FAR 52.215-1(c)(3)(iv), ShipCycle's FPR should have been considered timely because an emergency or unanticipated event interrupted normal Government processes so that ShipCycle's complete proposal could not be received at the Government office designated for receipt of proposals by the exact time specified in the solicitation, and ShipCycle's proposal was received by the Government before the same time of day specified in the Solicitation on the first work day on which normal Government processes resumed.

In a case such as this, the Government Accountability Office ("GAO") looks first at whether there is evidence of systemic failure of the web-based tool authorized for electronic submission of proposal. *See, e.g., NAG Marine*, B-422899, 2024 CPD ¶ 308 (citing *Federal Acquisition Servs. Team, LLC*, B-410466, 2015 CPD ¶ 20 at 4). GAO cites *Federal Acquisition Servs. Team* for the proposition that there was "no systemic failure where **all offerors** that diligently pursued submission of their proposals were

eventually successful."[4] Here, ShipCycle did diligently pursue submission of its

proposal, as detailed in the Background section above, and while it ultimately was

successful, that success did not come before the due time for submission of proposals.

Moreover, by email dated April 23, 2025, 2:18 PM (when 42 minutes remained for

submission of proposals), the Navy's Procuring Contracting Officer wrote that the Navy

also was having issues with the PIEE website landing page—a possible indicator of a

systemic failure (*i.e.,* slowness in the PIEE website). ShipCycle had successfully

submitted its initial proposal in under ten minutes, yet the Government's PIEE system

needed 8 hours and 11 minutes to receive ShipCycle's FPR. ShipCycle took various

steps to verify that the technical problems were not on its end, and those steps

confirmed that the problems were not on ShipCycle's end.

As noted, at about 9:41 pm on April 23, 2025, ShipCycle was able to complete

submission of its FPR. That was the same day as the systemic failure; therefore,

ShipCycle's submission was earlier than "the same time of day specified in the

solicitation [3:00 PM] on the first work day on which normal Government processes

resume[d]." *See* FAR 52.215-1(c)(3)(iv).[5] Accordingly, ShipCycle's FPR was timely.

If ShipCycle's FPR was not timely, FAR 15.208(b) provides for the consideration

of proposals that otherwise would be considered "late." Specifically, paragraphs (b)(1)

and (2) of the regulation state as follows:

---

4    Emphasis added.

5    In *Watterson Const. Co. v. U.S.*, 98 Fed.Cl. 84 (2011), the U.S. Court of Federal Claims
explained that when a government system experiences an outage, "[t]he 'first work day on which
normal Government processes resume' necessarily is the following day." *Id.* at 98. ShipCycle's
FPR was submitted **before** the following day.



James McGowan, Contracting Officer
June 9, 2025
Page 7

(1) Any proposal, modification, or revision, that is received at the designated Government office after the exact time specified for receipt of proposals is "late" and will not be considered unless it is received before award is made, the contracting officer determines that accepting the late proposal would not unduly delay the acquisition; and-

(i) If it was transmitted through an electronic commerce method authorized by the solicitation, it was received at the initial point of entry to the Government infrastructure not later than 5:00 p.m. one working day prior to the date specified for receipt of proposals; or

(ii) There is acceptable evidence to establish that it was received at the Government installation designated for receipt of proposals and was under the Government's control prior to the time set for receipt of proposals; or

(iii) It was the only proposal received.

(2) However, a late modification of an otherwise successful proposal, that makes its terms more favorable to the Government, **will be considered** at any time it is received and may be accepted. [Bold and highlight added for emphasis]

Here, the exceptions under (b)(1)(ii) and (b)(2) apply.

To satisfy the (b)(1) exception: (1) the proposal must be received before **award**; (2) the contracting officer must determine that accepting the late proposal would not unduly delay the acquisition; and (3) there must be acceptable evidence that the proposal was received at the Government installation designated for receipt of proposals and was under Government control prior to the time set for receipt of proposals. It is undisputed the Navy received ShipCycle's FPR before award. What's more, evaluating ShipCycle's entire FPR would not have unduly delayed the acquisition. ShipCycle submitted its entire FPR, and the Navy had possession of the entire FPR, on April 23, 2025—the due date for receipt of proposals. The Navy did not make contract


James McGowan, Contracting Officer
June 9, 2025
Page 8

award until May 30, 2025. In that 37-day period, the Navy could have considered ShipCycle's FPR and still made its selection decision and award without going past the actual May 30, 2025, award date. The only fact in dispute regarding the (b)(1) exception is whether acceptable evidence exists that the Government received and controlled ShipCycle's FPR at its designated installation prior to 3:00pm on April 23, 2025.

The U.S. Court of Federal Claims has stated

> Today, e-commerce electronic communications are transmitted instantaneously in the ordinary course of business. . . . For these reasons, the court has determined that, in cases of non-batch delivered electronic commerce, late proposals may be excused under any of the three exceptions in FAR 52.215–1(c)(3)(ii)(A). It is particularly appropriate that the "Government Control" exception be available to offerors where there is "acceptable evidence" to establish that the offeror's e-mail proposal "was received at the Government installation designated for receipt of offers and was under the Government's control prior to the time set for receipt of offers," as was the case here.

*Watterson Const. Co. v. U.S., supra,* 98 Fed.Cl. at 97. Similarly, here, ShipCycle could no longer alter, revise, or otherwise modify its FPR after it began uploading it and after other competing proposals had been submitted.

ShipCycle submits that its FPR **was** within the Government's control prior to 3:00pm on April 23, 2025, that the Government's PIEE system was not working properly, and that ShipCycle's IT system was working properly. *See* Exhibit A. Thus, under the (b)(1) exception, the Navy could have accepted and evaluated ShipCycle's FPR.



James McGowan, Contracting Officer
June 9, 2025
Page 9

**B.    The Navy's decision to eliminate ShipCycle from the competition and not select ShipCycle's Initial Proposal for award was arbitrary.**

To satisfy the (b)(2) exception, the Navy must conclude that ShipCycle's FPR was a modification to an otherwise successful proposal that made the terms of the otherwise successful proposal more favorable to the Government. That is the case here. The FAR states that such a modification "will" be considered. Thus, as detailed below, even if the Navy believed ShipCycle's FPR was late, it still was required to consider ShipCycle's Initial Proposal as its FPR.

The Solicitation called for dismantling the out of service nuclear aircraft carrier Ex-Enterprise (CVN-65). The Solicitation's evaluation criteria required the Navy to determine, first, that a proposal was technically acceptable, and then to make a best value award based on past performance and price. ShipCycle timely submitted its Initial Proposal on January 5, 2025. The Navy included ShipCycle's initial proposal in the competitive range. On April 2, 2025, the Navy sent ShipCycle "Discussion Items." The Discussion Items included some topics that had nothing to do with the acceptability of ShipCycle's proposal. For instance, under Vessel Dismantling, Question 2, the Navy asked ShipCycle the earliest it could safely receive the vessel with all requirements of the Solicitation in place. This appeared to be the Navy's exploration of whether it could accelerate performance of the work and not related to technical acceptability. At the same time, the Discussion Items stated that ShipCycle's Technical/Management Approach had been determined to be Unacceptable. That was not a definitive determination and was not pertinent at the time, as ShipCycle would be addressing all Discussion Items raised by the Navy in its FPR—regardless of whether they impacted

**BR**

James McGowan, Contracting Officer
June 9, 2025
Page 10

technical acceptability. The technical acceptability of ShipCycle's Initial Proposal, however, is relevant now.

Even if one were to accept the law and the facts as the Navy has asserted, ShipCycle submits that the following facts show, as of April 23, 2025, and up to the date award was made to NorthStar, that ShipCycle's Initial Proposal should have been selected for award under the evaluation criteria of the Solicitation. Had the Navy evaluated ShipCycle's Initial Proposal as required by the Solicitation, ███████████ ██████████████████████████████████████. *See* Exhibit B (mapping the Discussion Items against the requirements in the Solicitation and ShipCycle's Initial Proposal demonstrating that ShipCycle's proposal was technically acceptable). That was a go/no go criterion, and once met, the selection was required to be made on a best value basis considering past performance and price.

The Navy's knows ShipCycle's Initial Proposal demonstrated past performance that was relevant and more than satisfactory. Therefore, the Navy knew past performance would not be a factor in any trade-off decision involving ShipCycle's Initial Proposal. Beyond that, the Navy knew that ShipCycle, whose lead member built the USS Enterprise, had more experience with that vessel than any company in the world. This, together with ShipCycle's other member (EnergySoutions), which has more NRC reactor decommissioning, dismantlement, and regulatory closure completions than any other competitor and whose projects had been previously referenced by the Navy, along with ShipCycle's major subcontractor (ISL) who has completed four of the five US Naval carrier dismantlement's to date, should have caused the Navy to consider ShipCycle's proposal.

That brings us to the price factor. In its Initial Proposal, ShipCycle proposed a

████████████████████████. In its Discussions Items, the Navy advised ShipCycle that its

██████████████████████████████.

In its letter of May 30, 2025, the Navy wrote that: "While the Government received ShipCycle's Volume I, SF 33 Solicitation Set/Model Contract, proposal at 14:52, i.e., 2:52 p.m., on 23 April 2025, the Government did not receive ShipCycle's FPR for its Volume II Technical Proposal, Volume III Price Proposal, or Volume IV Past Performance Proposal by the time specified." Accepting that as correct (and without regard to whether the Navy could have or should have evaluated ShipCycle's entire FPR), as of 3:00 pm on April 23, 2025 and for the following 37 days up until contract award to NorthStar, ShipCycle's Initial Proposal of January 5, 2025 remained pending before the Navy. Again, ShipCycle's Initial Proposal was included in the competitive range and, as the Navy was aware, ████████████████████████████████████

███████████████████████.

The Navy also knew that ShipCycle had attempted to modify its Initial Proposal by submitting an FPR. And the Navy knew that ShipCycle's attempt to modify its Initial Proposal was unsuccessful. It was absolutely certain that ShipCycle still was interested in competing for the contract and that, because ShipCycle was not able to modify its Initial Proposal, its Initial Proposal still remained in effect. Accordingly, it was incumbent upon the Navy to include the ShipCycle's Initial Proposal in the evaluation and not eliminate the Initial Proposal from the competition.

Of course, the Navy still would have had to determine whether ShipCycle's Initial Proposal met the technical acceptability criteria of the Solicitation. The Navy never

James McGowan, Contracting Officer
June 9, 2025
Page 12

properly made that decision. As detailed in Exhibit B, ShipCycle's Initial Proposal did

meet all requirements of the Solicitation. ███████████████████████████████

███████████████████████████████, it would have followed that ShipCycle

would have received the award because ████████████████████████████████

███████████████████████████ ShipCycle's proposed price was ███████████ (as found

by the Navy), and ███████████████████████████████████████████

████████████████████████████████████████████████████.

    ShipCycle understands that finding that ShipCycle's Initial Proposal was

ShipCycle's final proposal, might have been challenged by other offerors. Any such

challenge would be unsuccessful. Moreover, because the (b)(2) exception to the late

proposal rule is mandatory, the Navy was required to evaluate ShipCycle's Initial

Proposal along with the FPRs submitted by other offerors. This would not have

prejudiced other offerors. In fact, it would have placed ████████████████████

████████████████████████████████████████████████████████

██████████████████████████████. Conversely, other offerors would have had

an advantage with the opportunity to improve their initial proposals by submitting a

timely FPR.

    **C.**   **The Navy failed to evaluate price reasonableness consistent with the Solicitation and the FAR.**

    Independent of the above protest grounds, the price of the contract awarded to

████████████████████████████ ██ ████████████████████████████

████████████████████████████████. The Navy knew that fact before it

made award to NorthStar on May 30, 2025. (Under FAR 15.404–1(b), comparison of

**BRP**

James McGowan, Contracting Officer
June 9, 2025
Page 13

proposed prices received in response to the solicitation is the preferred method for determining price reasonableness.) And, as between NorthStar and the third offeror, award to NorthStar was likely ███████████████████████. Therefore, by eliminating ShipCycle from the competition, the Navy left itself with a ███████████ ███████████████████. On its face, award to a company based on an FPR that proposed on substantively the same technical requirements as the initial Solicitation and ████████████████████████████████████████████████████ ████████████████████████████.

Nevertheless, as in all cases, the Navy continues to have the discretion to suspend performance under NorthStar's contract, give all offerors the opportunity to submit revised proposals and revise any unreasonable prices, evaluate those revised proposals, and make a new selection decision. That could be done on an expedited basis. We note that in Amendment 0004, the Navy requested FPRs on April 16, 2025, and required that the FPRs be submitted seven days later on April 23, 2025. The Navy now similarly can expedite any request for final proposal revisions.

ShipCycle was prejudiced by the Navy's decisions discussed above because ShipCycle complied with all requirements of the Solicitation; it submitted an initial proposal that offered the best value to the Government when compared to the eventual awardee's proposal; it submitted an FPR that either could have been considered as not "late" under the FAR or as a late modification to an otherwise successful proposal; and it had a significant likelihood of receiving award—even more so because the other offerors should have been eliminated from the competition based on the fact that they had submitted unreasonable prices. At a minimum, ShipCycle was entitled to be

considered for award along with the offerors who should have been eliminated from the competition, but were not. The Navy's determination to not consider either ShipCycle's Initial Proposal or FPR **also prejudiced the Navy and taxpayers** by causing the Government to unnecessarily incur ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ while not obtaining the benefit of a highly qualified team that, among other things, is more familiar with the vessel than any other company. The awardee would not be prejudiced because award based on ShipCycle's Initial Proposal or its "late" modification was permitted or required by the FAR. And, if the Navy is concerned about prejudice to other offerors, it has the discretion to issue a new request for FPRs from the three offerors, receive new FPRs and make a new selection decision.

### III.    REQUEST FOR A RULING BY THE AGENCY.

ShipCycle requests a ruling by the Navy sustaining this protest. ShipCycle also requests that the Navy stay performance of the contract awarded to NorthStar pending the decision on this protest and, if necessary to resolve this matter, any subsequent protest to the Government Accountability Office or the US Court of Federal Claims.

### IV.    STATEMENT AS TO THE FORM OF RELIEF REQUESTED.

ShipCycle requests that the Navy evaluate ShipCycle's FPR and determine, when compared to the FPR of the awardee, whether ShipCycle offered the best value to the Government, and, if so, make award to ShipCycle. Alternatively, if the Navy determines that ShipCycle's Initial Proposal offered a better value to the Government than did the value offered by the awardee's FPR, ShipCycle requests that the Navy make award to ShipCycle based on its Initial Proposal. Alternatively, ShipCycle requests that the Navy exercise its discretion to cancel the award to NorthStar, amend



the Solicitation to request new FPRs, evaluate the new FPRs and make a selection

decision based on the new FPRs.

## V.    SHIPCYCLE IS AN INTERESTED PARTY.

ShipCycle was an offeror for the work under the procurement; it submitted a

proposal in response to the Solicitation; it was included in the competitive range; and,

but for the fact that the Navy improperly found that ShipCycle's FPR was late,

ShipCycle would have received contract award. In addition, ShipCycle is an interested

party because the prices of the other offerors were not reasonable, and ShipCycle is

entitled to compete against those offerors after an amended Solicitation is issued. *See*

*Root9B, LLC*, B-417801.2, 2020 CPD ¶ 4 (Protester is an interested party to challenge

the agency's price reasonableness determination, despite its lower-priced proposal

being unacceptable, because if the protest were sustained, the agency could find the

awardee ineligible for award and would have to reopen the competition.).

## VI.    SHIPCYCLE'S PROTEST IS TIMELY.

By letter dated May 30, 2025, the Navy advised ShipCycle "that HII ShipCycle,

LLC ("ShipCycle") has been eliminated from the competition for solicitation N00024-25-

R-4135 (the Solicitation) as its proposal was late." Also, on May 30, 2025, the Navy

announced that "NorthStar Maritime Dismantlement Services LLC, Vernon, Vermont, is

awarded a $536,749,731 firm-fixed-price contract (N00024-25-C-4135) for the

dismantling, recycling, and disposal of Ex-Enterprise (CVN 65)." This protest is being

filed on June 9, 2025, which is 10 days after award and after ShipCycle first knew or

should have known the basis for the protest. *See* FAR 33.103(e).

* * *



James McGowan, Contracting Officer
June 9, 2025
Page 16

We appreciate the Navy's considering this protest and request that the protest be independently reviewed at a level above the contracting officer pursuant to FAR 33.103(d)(4). Also, pursuant to FAR 33.103(c) and (d), we share the desire to resolve the protest inexpensively, informally, and expeditiously. And, as contemplated by the FAR, ShipCycle is amenable to "the use of alternative dispute resolution techniques, third party neutrals, and another agency's personnel" to resolve the protest. We also share the intent of the agency protest regulations to "resolve agency protests effectively, to build confidence in the Government's acquisition system, and to reduce protests outside of the agency." For those reasons ShipCycle decided to bring this matter directly to the Navy rather than pursue a protest at either the Government Accountability Office or the US Court of Federal Claims.

We look forward hearing from you and your consideration of these issues.

Sincerely,

**BROWN RUDNICK LLP**

Kenneth B. Weckstein
Shlomo D. Katz

cc:    robert.c.whitlow.civ@us.navy.mil

**HII ShipCycle, LLC Agency Protest, Exhibit A**
Solicitation N00024-25-R-4135



Attachment A

**From:** ███████████████

**Sent:** Wednesday, April 23, 2025 10:10 PM

**To:** james.f.mcgowan6.civ@us.navy.mil; robert.c.whitlow.civ@us.navy.mil

**Subject:** N00024-25-R-4135 HII ShipCycle, LLC FPR

Jim,

As you know, ShipCycle was found to be in the competitive range for the referenced procurement. ShipCycle also engaged in discussions with the Navy. Proposals were due at 3:00 pm today, April 23, 2025.. Consistent with Section L.3 of the solicitation, starting at 1:30 pm, with more than sufficient time to submit its proposal, ShipCycle started uploading its proposal to the PIEE website. In that regard,  in previous procurements, HII companies have been able to upload similarly sized proposals in under 10 minutes.  It soon became apparent that the PIEE website was malfunctioning.  Among other things, the PIEE website would not allow us to save files. At other times it was non-responsive  (i.e., we were unable to save or submit portions of the proposal that we had attempted to submit). In all of our attempts, the PIEE website did not indicate why the system would not function.  At times, the PIEE website displayed a message that said "your connection was interrupted". During this time, ShipCycle and HII were using its internet for other purposes and did not have any internet interruptions.

At 2:14 pm, after approximately 45 minutes of the PIEE website consistently rejecting our proposal,  ShipCycle informed the PCO that the PIEE website was non-responsive.  The PCO promptly responded at 2:18 pm requesting any specific error messages.  Nine minutes later,  at 2:27pm, ShipCycle advised the PCO that the PIEE website continued to be non-responsive, and ShipCycle requested an extension of the time to submit its complete proposal. During this entire time, ShipCycle continued to attempt to upload its proposal. As of 2:51 pm, ShipCycle still had only been able to upload Volume I of its proposal.

ShipCycle had a discussion with the PCO at 3:06pm and was instructed to continue trying to upload the files, despite the deadline having passed.  The PCO phoned ShipCycle at

███████████████

B-18

3:32pm and advised that ShipCycle's partial on-time submittal had been received and that ShipCycle would still be able to upload additional files.  ShipCycle continued it efforts by attempting to use a different ShipCycle user's PIEE account on a different network, but we experienced the same issues, receiving the message "Please Wait" repeatedly from PIEE before being timed out.

ShipCycle determined the issue was not with ShipCycle's internet connection, as ShipCycle attempted to access the Navy system from multiple networks and received the same error message.  Prior to 3:00 pm,  with few exceptions, the PIEE website would not allow us to save or submit documents. And even after 3:00 pm, after the PCO agreed that ShipCycle could continue to upload documents, its documents were being erased from the PIEE website offer page. And ShipCycle continued to receive messages stating "Please Wait" or "Your connection was interrupted" from PIEE At all times, ShipCycle complied with all instructions for uploading its proposal. The PCO emailed ShipCycle at 5:06pm indicating that ShipCycle would be able to submit the remaining documents even though the PIEE website indicated that the solicitation was closed.  Nevertheless, ShipCycle was not able to upload documents after that point.  ShipCycle left a voicemail for the PCO message at 5:31pm, and again requested an extension and that the solicitation be reopened to continue trying to upload until the Navy's system accepted ShipCycle's entire proposal.

There apparently was a serious problem with the Navy's website. Allowing 1.5 hours to upload a proposal should have been more than enough time to submit the proposal to the Navy and was not the experience ShipCycle had with the original proposal in January (in which the document upload occurred in less than 10 minutes). There was no fault on the part of ShipCycle. There was nothing in the solicitation or request for final proposal revisions that alerted offerors that the Navy's system would repeatedly lock offerors out of the system and offerors should allow time for that contingency.

ShipCycle does not know whether the Navy had notice of the issue before ShipCycle notified the Navy at 2:14pm today. ShipCycle does not know whether other offerors encountered similar problems. However, we suspect that the Navy wants to maximize competition to the greatest extent practicable, as required by CICA. The above facts show that this was not done. Rather than debate whether the Navy should accept a "late" proposal from ShipCycle, we submit that it would be proper for the Navy to:

1.  Determine the cause of the technical issue.

2.  Correct the technical issue so that proposals can be uploaded in a reasonable time. Thirty minutes would seem to be sufficient if the Navy's system is working properly.

3.  Amend the RFP to extend the due date for proposals to allow all offerors to submit their final proposal revisions. A short extension should allow the Navy to fix all issues. Offerors that already had submitted their proposals would have the opportunity to submit a revised final proposal revision. Offerors that were unable to submit a timely proposal by 3:00 pm on April 23, 2025, would have the opportunity to submit their final proposal revision by the amended date and time for submission. All offerors would have the opportunity to compete on a level playing field.

There is no doubt that the Navy has the legal ability to amend the proposal at this time to allow further final proposal revisions from all offerors. That approach would result in all offerors being treated equally and would comply with the mandate of CICA to maximize competition to the greatest extent practicable.

We are available to speak with you about this at your convenience.


Thank you,

███████████████

Director, Administration
Global Security – Nuclear & Environmental

HII – Mission Technologies
11815 Fountain Way, Ste. 500 | Newport News, VA 23606

████████████████

<www.HII.com>







Attachment B

## Timeline of Events

| Actions | Date | Time | Event |
|---------|------|------|-------|
| PIEE upload begins | | 1:30 PM | ▬▬▬ logged into PIEE to start uploading process for 47 files (19 pdfs, 22 Word docs, 2 Excel, 4 Schedule). Tried to pull in the files, but indicator was spinning. Upload apparently frozen. |
| | Wednesday, April 23, 2025 | 1:45 PM | Ceased uploading the 47 files. |
| | | 1:48 PM | Second attempt to do a partial upload, first seven files PDFs (smaller files). ▬▬▬ first successful upload - seven of 47 files into PIEE (first one loaded at 1:48 p.m.). Load date according to PIEE. System took significant time to complete upload. |
| | | 1:51 PM | Submittal confirmation - Completion of the first seven successful upload according to PIEE (date and time submitted for all seven). |
| | | 1:51 PM | ▬▬▬ attempted to load the remaining 40 files, using small batches. The first batch resulted in the system spinning and screen was frozen and we could not sign |
| | | 1:55 PM | Please wait message. Took a screen shot. |
| | | 2:07 PM | Please wait, session expiring, will expire at 2:11, extend yes or no. Could not respond. |
| | | 2:14 PM | ▬▬▬ emailed the PCO that their system was non-responsive. Difficulty saving and having issues with the system. |
| | | 2:18 PM | In response, the PCO informed ▬▬▬ by email that admitted that he was having issues with the landing page of the solicitation module, but they cleared up when he refreshed the page. He asked are there specific error messages you are receiving? ▬▬▬ provided example of error message at 2:45 p.m.) |
| | | 2:27 PM | Government's system was repeatedly really slow and ShipCycle requested an extension. Requested an extension. |
| | | 2:44 PM | ▬▬▬ loaded remaining 40 files, but could not save them or use the signature button to submit. Then he received system interrupted notice from PIEE. |
| | | 2:45 PM | ▬▬▬ sent an email to PCO sending him a screenshot of the system interruption. |
| | | 2:55 PM | Team continued to attempt uploading per PCO direction. Could not sign and submit. Received messsage offer identifier already for selected cage. Please enter a unique value. |
| | | 3:32 PM | Phone call - PCO advised that ShipCycle's partial on time submittal had been received and ShipCycle would still be able to upload additional files even though the solicitation is closed. |
| | | 4:47 PM | ▬▬▬ sent an email to PCO we continue to choose files, but the system timed out. Appears we cannot do anything in PIEE because the system is closed in PIEE. Can you reopen it? This is not the experience we had in the orignal submittal. |
| | | 5:06 PM | PCO to ▬▬▬ - I am not able to see what you see, but you should be able to submit even though the system is closed. |
| | | 5:23 PM | ▬▬▬ to PCO- We are unable to submit. We are willing to take other measures thumb drives, we need an extension and we will continue to attemp file loading. Where can we bring the thumb drive. |
| | | 5:31 PM | ▬▬▬ left a voicemail to PCO requesting an extension and solicitation reopened. |
| | | 7:12 PM | Email response from PCO L-3 restating the FAR about PIEE. Cannot commit to how the government will treat late proposal submission. |
| | | 8:55 PM | ▬▬▬ emailed two attachments (schedules mpx and mmpx files) to the PCO. |
| | | 10:47 PM | ▬▬▬ sends text that he successfully uploaded the remaining files at 9:41 PM. |
| PIEE upload completes | | 11:38 PM | ▬▬▬ receives offer submission confirmation successfully uploads the remaining files to PIEE. |
| | Thursday, April 24, 2025 | 7:16 AM | ▬▬▬ sends email to the PCO that we posted the rest of the files of our proposal last night. |

Attachment C

















**From:** McGowan, James F (Jim) CIV USN COMNAVSEASYSCOM DC (USA) <james.f.mcgowan6.civ@us.navy.mil>
**Sent:** Wednesday, April 23, 2025 5:06 PM
**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮     Whitlow, Robert C CIV USN COMNAVSEASYSCOM DC (USA) <robert.c.whitlow.civ@us.navy.mil>
**Subject:** RE: PIEE Problems

▮▮▮,

I'm not able to see what you see on your end but you should be able to submit an offer even though the solicitation is closed.

Jim

---

**From:** McGowan, James F (Jim) CIV USN COMNAVSEASYSCOM DC (USA) <james.f.mcgowan6.civ@us.navy.mil>
**Sent:** Wednesday, April 23, 2025 2:18 PM
**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>; Whitlow, Robert C CIV USN COMNAVSEASYSCOM DC (USA) <robert.c.whitlow.civ@us.navy.mil>
**Subject:** RE: PIEE Problems

▮▮▮▮

Just logging in now I had some issues with the landingpage of the Solicitation module, but they were cleared up when I refreshed the page. Is there a specific error message you are receiving?

V/r,

Jim

Attachment D January 5, 2025, Upload

Screen shots of list of files that were uploaded for the initial Proposal January 5, 2025. Total time to submit was less than 10 minutes through the date and sign process.





Attachment D January 5, 2025, Upload



# Procurement Integrated Enterprise Environment
## Frequently Asked Questions



A vendor portal for solicitations was introduced as an enterprise-level service for the Department of Defense (DoD) within the Procurement Integrated Enterprise Environment (PIEE) platform. This capability allows DoD to have a more automated and secure process for capturing solicitations and their attachments and responses from industry.

This resource provides Frequently Asked Questions to aid vendors with the PIEE Solicitation Module.

## Contents

Section 1: Getting Started .................................................................................................................. 2

Section 2: Search ................................................................................................................................ 3

Section 3: Submitting an Offer .......................................................................................................... 4

Section 4: Technical / Troubleshooting ............................................................................................. 6

Procurement Integrated Enterprise Environment
Frequently Asked Questions



## Section 1: Getting Started

**1. Who can register?**

   A. Any representative of the vendor authorized to submit an offer on behalf of the company may register for the Proposal Manager role.  Please contact your company's Account Administrator if you need assistance with account registration.

**2. How can I find out who is my company's Account Administrator?**

   A. You can enter your five-character CAGE Code to find your company's Account Administrator at the link below:

   https://piee.eb.mil/xhtml/unauth/lookup/gamLookup.xhtml

**3. What if my company does not have an Account Administrator?**

   A. If your company is new to PIEE and has no Account Administrator, the link below provides the general steps in getting started as a vendor to use the PIEE applications:

   https://piee.eb.mil/xhtml/unauth/web/homepage/vendorGettingStartedHelp.xhtml

**4. How long does it take to gain access to the PIEE?**

   A. The self-registration process may take several minutes to complete. After your company's Account Administrator activates your account, you will immediately be able access the application.

**5. How do I change my account information?**

   A. You can edit most account information, with the exception of your USER ID. Click My Account in the upper left corner of the window. Select the account information you want to view/edit.

**6. I forgot my login credentials, what do I do?**

   A. Click 'Reset My Password' hyperlink on the login page to reset your password, and you will be emailed a temporary password.

   https://piee.eb.mil/xhtml/unauth/lookup/forgotPassword.xhtml

Attachment E: PIEE FAQs

# Procurement Integrated Enterprise Environment
## Frequently Asked Questions



## Section 2: Search

1. **Do I need to be logged into search for opportunities?**

   A. The public facing Solicitation Module site enables anyone to search for opportunities without being logged into PIEE. This site can be accessed by clicking the Solicitation Search link at the bottom of the PIEE Landing Page.

   https://piee.eb.mil/sol/xhtml/unauth/index.xhtml

   To view secured attachments and solicitations that may be directed to your company, you will need to be logged into PIEE with either the Proposal View Only or Proposal Manager role.

2. **How can I find opportunities?**

   A. Click 'Solicitation Module' Icon > Click 'Search' (located top left of new popup screen) > Enter 'Solicitation Search Criteria' > Click 'Search'

3. **How can I receive notifications when an amendment to a solicitation is posted?**

   A. Within a solicitation, click the checkbox next to 'Please notify me of amendments to this solicitation' on the top left corner of the screen. You will receive email and system notification when an amendment is posted.

4. **Is it possible to download all attachments?**

   A. Yes, once you are viewing the solicitation, Click 'Download All Attachments.' This will prompt you with a pop up window to save all files to a location of your choosing as a compressed zip file. The files will be located in the zip file once extracted. Please note that the files being downloaded are located at the bottom of the solicitation screen. If no files are available, you will not see the 'Save As' pop up after selecting 'Download All Attachments.'



## Procurement Integrated Enterprise Environment
Frequently Asked Questions

## Section 3: Submitting an Offer

1. **Do I have to be logged in to submit an offer?**

   A. Yes, vendors must be logged into PIEE to submit an offer.

2. **Why am I not able to submit an offer?**

   A. You may not be able to submit an offer for the following reasons:

   - You are not logged in.
   - You are viewing a draft solicitation.
   - You only have the Proposal View Only role.
   - Your Proposal Manager role is not active.
   - You may not have completed all the required fields to submit.

3. **What is the purpose of the Offer-Identifier field?**

   A. The Offer-Identifier field allows a vendor to add a unique identifier to each submitted offer to make it easier for the vendor to track and help the government distinguish between multiple offers. If a vendor chooses to leave the field blank, an auto-generated number will be assigned.

4. **What is the size limit on uploaded attachments?**

   A. Each uploaded attachment can be up to 1.9 gigabytes (GB) in size.

5. **Is there a system limit on the number of attachments that can be uploaded?**

   A. No, there is no system limit on the number of attachments that can be uploaded.

6. **Is it possible to upload multiple attachments at once?**

   A. Yes, multiple attachments may be uploaded at one time. After you click 'Choose File,' highlight all the files you want to upload and click 'Open.' If the total size of all the attachments exceeds 1.9GB (see 4.A above), upload the multiple attachments in batches that keeps each batch under the 1.9GB limit.

Procurement Integrated Enterprise Environment
Frequently Asked Questions



7.  **What file extensions are supported?**

    A.  The application supports the following file extensions:

| | |
|---|---|
| DOCX | WORD XML FILE TYPE/DOCUMENT |
| DOCM | WORD XML FILE TYPE/MACRO-ENABLED |
| DOTX | WORD XML FILE TYPE/TEMPLATE |
| DOTM | WORD XML FILE TYPE/MACRO-ENABLED TEMPLATE |
| BMP | IMAGE/X-MS-BMP |
| DOC | APPLICATION/MSWORD |
| HTM | TEXT/HTML |
| HTML | TEXT/HTML |
| JPG | IMAGE/JPEG |
| MSG | APPLICATION/VND.MS-OUTLOOK |
| PDF | APPLICATION/PDF |
| PPT | APPLICATION/X-MSPOWERPOINT |
| RTF | APPLICATION/RTF |
| TIF | IMAGE/TIFF |
| TXT | TEXT/PLAIN |
| XLS | APPLICATION/X-MSEXCEL |
| XML | XML FILE |
| TEST | DOC |
| XPS | VISTA ZIP |
| XLSX | EXCEL/WORKBOOK |
| XLSM | EXCEL/MACRO-ENABLED WORKBOOK |
| XLTX | EXCEL/TEMPLATE |
| XLTM | EXCEL/MACRO-ENABLED TEMPLATE |
| XLSB | EXCEL/NON-XML BINARY WORKBOOK |
| XLAM | EXCEL/MACRO-ENABLED ADD-IN |
| PPTX | POWERPOINT/PRESENTATION |
| PPTM | POWERPOINT/MACRO-ENABLED PRESENTATION |
| POTX | POWERPOINT/TEMPLATE |
| POTM | POWERPOINT/MACRO-ENABLED TEMPLATE |
| PPAM | POWERPOINT/MACRO-ENABLED ADD-IN |
| PPSX | POWERPOINT/SHOW |
| PPSM | POWERPOINT/MACRO-ENABLED SHOW |
| SLDX | POWERPOINT/SLIDE |
| SLDM | POWERPOINT/MACRO-ENABLED SLIDE |
| THMX | POWERPOINT/OFFICE THEME |

    If the file is not supported you will receive an error at the top of the screen:
    'Invalid Attachment File Name. Attachment File Name "filename.Extension" has an invalid file extension.'

8.  **Will I get an email or system notification after I successfully sign and submit an offer?**

    A.  A system notification will appear at the top of the screen upon submission. You are encouraged to print that page and maintain it for your records. In addition, an offer submission confirmation document will be attached to the offer.

9.  **Can I withdraw a submitted offer?**

    A.  A submitted offer may be withdrawn any time before the closing date and time.

Page 5 of 6

Procurement Integrated Enterprise Environment
Frequently Asked Questions



## Section 4: Technical / Troubleshooting

1. **Are there hardware/OS requirements?**

   A. There are no hardware or operating system requirements. For information on how to setup your device to use PIEE, click the link below:

   https://piee.eb.mil/xhtml/unauth/web/homepage/machineSetup.xhtml

2. **What web browsers do I need?**

   A. The following web browsers are supported by PIEE
      - Apple Safari version 13.0 or later
      - Google Chrome version 84.0 or later
      - Microsoft Edge version 84.0 or later
      - Microsoft Internet Explorer version 11.0 or later*
      - Mozilla Firefox version 79 or later

      *Microsoft will no longer support Internet Explorer starting 17 August 2021. It is recommended that users move to an alternate supported browser.

3. **Why didn't I receive a notice, confirmation, or other notification that I should have received?**

   A. Please verify that messages originating from PIEE disa.ogden.eis.mbx.wawfnoreply@mail.mil are not in your spam folder.

4. **Why is the system unavailable?**

   A. Periodically, PIEE will be unavailable due to system maintenance. A notice will be posted on the system messages page that will detail the downtime window.

   https://piee.eb.mil/piee-landing/system-messages

5. **Who do I contact/call for help?**

   A. Please contact your company's Account Administrator for any account related issues.

   If you are experiencing technical problems with Procurement Integrated Enterprise Environment, please contact the DISA DECC Ogden Electronic Business Service Desk at link below:

   https://piee.eb.mil/xhtml/unauth/web/homepage/vendorCustomerSupport.xhtml

   If you have questions about a specific solicitation, please contact the Point(s) of Contact listed on the solicitation.

| | |
|---|---|
| **From:** | ▮▮▮▮▮▮ |
| **To:** | "McGowan, James F (Jim) CIV USN COMNAVSEASYSCOM DC (USA)"; "Whitlow, Robert C CIV USN COMNAVSEASYSCOM DC (USA)" |
| **Subject:** | RE: PIEE Problems |
| **Attachments:** | image001.png |

It's just spinning.

**From:** McGowan, James F (Jim) CIV USN COMNAVSEASYSCOM DC (USA)
**Sent:** Wednesday, April 23, 2025 2:18 PM
**To:** ▮▮▮▮▮▮▮▮; Whitlow, Robert C CIV USN COMNAVSEASYSCOM DC (USA)
**Subject:** RE: PIEE Problems

▮▮▮

Just logging in now I had some issues with the landing page of the Solicitation module, but they were cleared up when I refreshed the page. Is there a specific error message you are receiving?

V/r,

Jim

**From:** ▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, April 23, 2025 2:14 PM
**To:** McGowan, James F (Jim) CIV USN COMNAVSEASYSCOM DC (USA) <james.f.mcgowan6.civ@us.navy.mil>; Whitlow, Robert C CIV USN COMNAVSEASYSCOM DC (USA) <robert.c.whitlow.civ@us.navy.mil>
**Subject:** [Non-DoD Source] PIEE Problems

Jim,

We are having difficulty saving our FPR files to PIEE. Do you know of any issues with the system?

Thanks,

▮▮▮▮▮▮▮

Director, Administration

Global Security – Nuclear & Environmental

HII – Mission Technologies

11815 Fountain Way, Ste. 500 | Newport News, VA 23606

▮▮▮▮▮▮▮

www.HII.com



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Attachment G - 9:41 PM Upload



Attachment G - 9:41 PM Upload



Attachment G - 9:41 PM Upload



Attachment H - IT Service Records

IT Service Tickets for HII provider GTT for the Fountain Way location.





Attachment I - 2:51 PM Upload



**HII ShipCycle, LLC Agency Protest, Exhibit B**
Solicitation N00024-25-R-4135

███████████████████████████████████████████████
███████████████████████████████████████████

**HII ShipCycle's January 5, 2025 proposal** ████████████████████
████████████████████████ **(up to and including Amendment 0004).**
**References to the Solicitation refer to the final solicitation after all amendments.**

Below are the topics raised in the Navy's April 2, 2025 "Discussion Items" letter, some of which addressed technical requirements directly or indirectly.  Following each technical requirement is the quote form and citation to ShipCycle's Initial Proposal that satisfied the technical requirement.

## TECHNICAL/MANAGEMENT EVALUATION CRITERIA

RFP Sec. M II Evaluation Factors states:

In assessing the Technical/Management Approach factor, the Government will apply the following definitions of acceptable or unacceptable:

| Rating | Description |
|---|---|
| Acceptable | Proposal meets requirements and indicates an adequate approach and understanding of the requirements and risk of unsuccessful performance is no worse than moderate. |
| Unacceptable | Proposal does not meet requirements of the solicitation and thus, contains one or more deficiencies and is unawardable, and/or risk of performance is unacceptably high. |

## APRIL 2, 2025 "DISCUSSION ITEMS"

████████████████████████

**Discussion Questions:**

1. ████████████████████████████████████████
   ████████████████████████████████████████
   ██████████████████

2. ████████████████████████████████████████
   ████████████████████████████████████████
   ████████████████████████████████████████
   ██████████████████████████████

**ShipCycle Response:** ███████████████████████████████
███████████████████████████



**Discussion Question:**

**ShipCycle Response:**

Section 1.2.1 of HII ShipCycle's Initial Proposal                (emphasis added).

**Discussion Question:**

**ShipCycle Response:**

**HII ShipCycle, LLC Agency Protest, Exhibit B**
Solicitation N00024-25-R-4135



███████████████████████████████████████████
███████████████████████████████████████████████

**Discussion Question:**

█████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████

**ShipCycle Response:** ███████████████████████████████
██████████████████████████████████████████████
███████████████████████████████

**Discussion Question:**

█████████████████████████████████████████████████
████████████████████

**ShipCycle Response:** ██████████████████████████████████
██████████████████

██████████████████████████████████████████████████████
█████████████████████

█████████████████████████████████████████████████
██████████████████████████████████████████████████
█████████████████████

████████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████

████████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████

██████████████████████████████████████████████

HII ShipCycle, LLC Agency Protest, Exhibit B
Solicitation N00024-25-R-4135
CONTAINS CONFIDENTIAL BUSINESS INFORMATION EXEMPT FROM
DISCLOSURE UNDER THE FREEDOM OF INFORMATION ACT AND 18 U.S.C. 1905





7

HII ShipCycle, LLC Agency Protest, Exhibit B
Solicitation N00024-25-R-4135
CONTAINS CONFIDENTIAL BUSINESS INFORMATION EXEMPT FROM
DISCLOSURE UNDER THE FREEDOM OF INFORMATION ACT AND 18 U.S.C. 1905

**Discussion Question:**

**ShipCycle Response:**

**HII ShipCycle, LLC Agency Protest, Exhibit B**
Solicitation N00024-25-R-4135
**CONTAINS CONFIDENTIAL BUSINESS INFORMATION EXEMPT FROM
DISCLOSURE UNDER THE FREEDOM OF INFORMATION ACT AND 18 U.S.C. 1905**



**Discussion Question:**

**ShipCycle Response:**

**HII ShipCycle, LLC Agency Protest, Exhibit B**
Solicitation N00024-25-R-4135





**Discussion Question:**

**ShipCycle Response:**

**HII ShipCycle, LLC Agency Protest, Exhibit B**
Solicitation N00024-25-R-4135



**Discussion Question:**

**ShipCycle Response:**

\*\*\*\*\*\*\*\*\*\*