# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| HII SHIPCYCLE, LLC., | |
| *Plaintiff,* | |
| v. | |
| THE UNITED STATES, | No. 25-1336 |
| *Defendant,* | Judge Philip S. Hadji |
| and | |
| NORTHSTAR MARITIME DISMANTLEMENT SERVICES, LLC, | |
| *Defendant-Intervenor.* | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD**



                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General

                                                        PATRICIA M. McCARTHY
                                                        Director

                                                        STEVEN J. GILLINGHAM
                                                        Assistant Director

Of counsel:                             THOMAS J. ADAIR
Samantha J. Hogue               Trial Attorney
Office of Counsel                Civil Division, U.S. Department of Justice
Naval Sea Systems Command     P.O. Box 480
                                                        Ben Franklin Station
                                                         Washington, D.C. 20044
                                                         Telephone: (202) 353-7955
                                                         Email: thomas.adair@usdoj.gov

                                                         *Attorneys for the United States*

Pursuant to the Court's order of November 13, 2025 (ECF No. 64), defendant, the United States, submits this reply brief in support of its supplemental brief filed on November 21, 2024.

I. **Answering Questions One and Two: The Plain Language of FAR 52.215-1(c) and Other FAR Provisions Allow Agencies to Require Proposals Be Submitted in Electronic Format, and It Is Not Arbitrary and Capricious to Enforce the FAR**

The supplemental brief filed by Plaintiff, HII ShipCycle, LLC (ShipCycle) offers no case law in support of its argument that Federal Acquisition Regulation (FAR) 52.215-1(c) requires that bid proposals on paper media be allowed. This omission is glaring and telling. Given that agencies regularly require proposals be submitted exclusively in electronic format, surely there would be case law to that effect in the nearly thirty (30) years since that regulation was enacted if ShipCycle's interpretation were correct.

ShipCycle simply cannot escape the plain language of FAR 52.215-1(c)(1), which, as we explained in our supplemental brief, merely establishes that paper submissions are the default means for submission *unless* an agency specifies otherwise, which the Navy did here. As set forth previously, an interpretation that FAR 52.215-1(c)(1) requires that paper submissions be allowed would conflict with other FAR provisions, including FAR 15.208(a), 15.203(c), and 4.502. The last of these three regulations provides:

> The federal Government **shall use electronic commerce whenever practicable or cost-effective**. . . . Contracting officers **may** supplement electronic transactions by using other media to meet the requirements of any contract action governed by the FAR (*e.g.,* transmit hard copy of drawings).

FAR 4.502(a) (emphasis added). This regulation requires agencies to use electronic means for their procurements and allows, but does not require that other means, such as paper, supplement the use of electronic means. *Id.*

Consistent with these FAR provisions and guidance from the Department of Defense (a/k/a Department of War), the Navy's solicitation required offerors to submit their offers through PIEE. Enforcing this requirement—which ShipCycle never objected to—cannot be an abuse of discretion. *See Banknote Corp. of Am., Inc. v. United States,* 56 Fed. Cl. 377, 386 (2003), aff'd, 365 F.3d 1345 (Fed. Cir. 2004) ("It is hornbook law that agencies must evaluate proposals and make awards based on the criteria stated in the solicitation.").

II.     **Answering Question Three, Subpart A**: ShipCycle's Email Was Clearly Not an Agency-Level Pre-Award Protest

As we explained in our prior briefing, ShipCycle's last-minute statement that an extension was needed fails to meet the requirements for a protest under FAR 33.103(d)(2), which requires a "[d]etailed statement of the legal and factual grounds for the protest." ShipCycle's threadbare email failed to identify any problems with the solicitation requirements, let alone object to the method of submission. AR 9994. Thus, it is clearly not an agency-level protest. *Bannum, Inc. v. United States*, 779 F.3d 1376, 1380 (Fed. Cir. 2015) ("mere notice of dissatisfaction or objection is insufficient" to be an agency-level protest.)

ShipCycle argues that an agency-level protest does not require "magic words," pointing to examples where the GAO and this Court found that the failure to style a complaint as a "protest" did not disqualify it as a protest. ECF No. 65 at 7-8. We have not argued otherwise but as we have explained, a protest requires more than ShipCycle's last-minute report of its own (unique) difficulty in complying with the solicitation requirement and its mere statement that it needed an extension. The subject email did not object to the requirement that proposals be submitted through PIEE or identify any other objectionable aspect of the solicitation itself. The opinions cited by ShipCycle do not help its cause. Those cases all involved specific challenges to solicitation requirements such that the GAO and Court found that the protestor had sufficiently

2

put the agency on notice so as to avoid dismissal of their protests under *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308 (Fed. Cir. 2007). *See Harmonia Holdings Grp., LLC v. United States*, 20 F.4th 759 (Fed. Cir. 2021) (protestor "challenged [the agency's] limitation of revisions to [specific evaluation factors] . . . [and] argu[ed] that offerors should be able to update their entire proposals in response to Amendments . . ."); *SEKRI, Inc. v. United States*, 34 F.4th 1063 (Fed. Cir. 2022) (pre-award email communications objecting to the solicitation's plans as contrary to law); *Coulson Aviation (Usa), Inc.*, B-411525 (Comp. Gen. Aug. 14, 2015) (letters alleged the procurement was being run under the wrong part of the FAR, which impacted offeror eligibility and evaluation were a protest, and noting that mere expressions of hope or expectation are insufficient); *American Material Handling, Inc.*, B-250936, 1993 WL 67740 at 2 (Comp. Gen. March 1, 1993) (letter objecting the solicitation's specifications impermissibly limited offers to one company). In contrast, ShipCycle's email did not object to the requirement that offerors use PIEE or identify any other alleged problem with the solicitation's requirements.

**III.     Answering Question Three, Subpart B:  ShipCycle Waived Any Challenge to the Solicitation's Submission Method Because It Did Not Previously Object**

Importantly, until this supplemental briefing, ShipCycle has never complained that the solicitation was defective for the reason that it did not allow proposals to be submitted on paper media. Moreover, ShipCycle never asked to submit its proposal on paper, and tellingly *it still has not*. There is no evidence that ShipCycle could have provided paper copies by the submission deadline (or that it would have opted for paper submissions), and such a notion is far-fetched given that ShipCycle did not express any issues until less than an hour before the deadline. Thus, as we explained in our supplemental brief, even if the FAR requires agencies to allow submission of proposals on paper media—which it does not—ShipCycle, LLC waived any such objection. ECF 65 at 14-15.

3

Likewise, despite its burden to do so, ShipCycle has not identified any harm or prejudice from the alleged error of not allowing submissions on paper media. *Sys. Stud. & Simulation, Inc. v. United States*, 22 F.4th 994 (Fed. Cir. 2021)). As a result, this Court may not grant relief on these grounds. *Ironclad/EEI v. United States*, 78 Fed. Cl. 351, 357–58 (2007).

Nonetheless, ShipCycle argues that because the Court in *eSimplicity v. United States*, 162 Fed. Cl. 372 (2022), suggested cancellation of the solicitation as a possible remedy during corrective action, the Court can craft its own remedy to cure a Government procurement error. ECF No. 65 at 10-12. Here, however, there is no need for corrective action because FAR 52.215-1(c)(1) does not require that proposals on paper media be allowed. Moreover, unlike in *eSimplicity*, the solicitation here permitted offerors to submit .mmpx files in alternate formats, such as PDFs. AR177 ("[s]chedules shall be created and submitted using Microsoft Project compatible applications, in addition the Offeror shall submit schedule as a higher-level PDF. Graphics, photographs, and other data . . . may be submitted in Adobe Acrobat format."). In fact, as part of its initial proposal, ShipCycle did submit its schedule file as a PDF via PIEE, which was used in its evaluation, without issue. AR1758, AR4990, AR 5031.

ShipCycle also urges the Court to join it in second-guessing the Navy, arguing that extending the deadline at the last minute would have obviated this protest, the forensic investigation of PIEE files, and having to grapple with the holding in *Geo-Seis Helicopters, Inc. v. United States*, 77 Fed. Cl. 633 (2007). ECF No. 65 at 13-14. That, however, is agency business, and nothing required the agency to do so under these circumstances.

**IV. <u>Answering Question Four</u>: There Is No Authority That Required the Navy to Consider Cancelling the Solicitation or Document the Absence of a Decision**

As we have explained, the Navy was not required to consider cancelling the procurement or to document any such decision, and it acted rationally in not doing so. ECF 52 at 19 n. 8; ECF

4

66 at 10-13. Cancelling would only have further delayed this important procurement, imposed additional costs, and diverted resources. Indeed, the Navy received two timely offers and awarding the contract was warranted. *See, e.g.,* FAR 15.403-1(c)(1) (There is "adequate price competition when—(A) Two or more responsible offerors, competing independently, submit priced offers that satisfy the Government's expressed requirement; . . ."); FAR 52.215-1(c)(ii)(A)(3) (acknowledging that sometimes agencies only get one offer).

ShipCycle offers no authority to the contrary, pointing only to inapt cases. Specifically, ShipCycle relies on *SKF USA, Inc. v. United States*, 630 F.3d 1365 (Fed. Cir. 2011). But that is a trade case involving dumping allegations with no form of the word "cancel" anywhere in that opinion. *Id.* ShipCycle's reliance on *eSimplicity* fares no better. Cancellation there was simply mentioned as an alternative corrective action the Government might take after the Court found error in a failure to consider the protestor's proposal. *eSimplicity*, 162 Fed. Cl. at 388.

Finally, ShipCycle renews its complaints that the Navy should have granted it a last-minute extension. For the reasons set forth in our XMJAR and reply, the Navy had no such obligation, which ShipCycle again asserts in its supplemental brief. The Navy simply enforced the terms of the solicitation as required by the FAR and case law.

## CONCLUSION

Sustaining ShipCycle's protest and undoing this procurement would be a dramatic departure from this Court's case law, the FAR, and longtime industry practices. For the reasons set forth above, in our prior briefing, as well as that of the Intervenor's briefing, and as discussed at the hearing in this matter, we respectfully request this Court grant our Cross-Motion for Judgment on the Administrative Record and deny ShipCycle's protest.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | STEVEN J. GILLINGHAM<br>Assistant Director |
| Of counsel:<br>Samantha J. Hogue<br>Office of Counsel<br>Naval Sea Systems Command | <u>/s/ Thomas J. Adair</u><br>THOMAS J. ADAIR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-7955<br>Email: thomas.adair@usdoj.gov |
|  | *Attorneys for the United States* |