# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| HII SHIPCYCLE, LLC., <br><br> *Plaintiff,* <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant,* <br><br> and <br><br> NORTHSTAR MARITIME DISMANTLEMENT SERVICES, LLC, <br><br> *Defendant-Intervenor.* | No. 25-1336 <br> Judge Philip S. Hadji |

**DEFENDANT'S RESPONSE TO THE COURT'S ORDER OF DECEMBER 1, 2025**

Defendant, the United States, hereby responds to the Court's order of December 1, 2025 (ECF No. 71). In the order, the Court explained that it could not find an appointment of the Source Selection Authority (SSA) in the record and raised questions about that appointment for this procurement. Accordingly, we have attached as Exhibit 1 an email documenting the appointment rule of Justin Meyer as the SSA, which will be filed as a supplement to the administrative record in this matter.

Moreover, as we explain further below, even if there were no documentation memorializing the appointment of the SSA (which is not uncommon in Government procurements), that would not aid plaintiff's case, as it never raised this issue. Thus, the argument has been waived, and it should not be considered. Nor could the plaintiff have raised this issue as a reason for sustaining its protest because there is no connection between the documentation of the SSA's appointment and the reason ShipCycle's late proposal was excluded. Therefore, ShipCycle cannot demonstrate the requisite harm or prejudice.

## I. Attached as Exhibit 1 Is Documentation of the SSA's Appointment

FAR 15.303(a) provides:

> Agency heads are responsible for source selection. The contracting officer is designated as the source selection authority, unless the agency head appoints another individual for a particular acquisition or group of acquisitions.

As the Court noted, Paragraph 1.2 of the Department of Defense Source Selection Procedures (August 20, 2022) (DoD SSP), issued pursuant to DFARSPGI 215.300, modifies the default rule of FAR 15.303(a) that the Contracting Officer (CO) is the SSA for procurements with a value over $100 million. Paragraph 1.2 of the DoD SSP provides that in such cases the agency head shall appoint in writing an individual other than the CO to serve as the SSA. The Navy and Marine Corps Acquisition Regulations Supplement (NMCARS) has further delegated

the authority to appoint a Source Selection Authority (SSA) to the Program Executive Officer (PEO).[1]  NMCARS 5215.303(a) ("When it is appropriate to have someone other than the contracting officer act as [SSA] for reasons of high dollar value, mission importance or political visibility, the [Head of the Contracting Activity] (or PEO, for PEO-assigned efforts) may designate an alternate individual to be the SSA.").[2]

The PEO here is Aircraft Carriers, Rear Admiral Casey Moton,[3] who documented his selection of Justin Meyer, Executive Director for PEO Aircraft Carriers, as the SSA for the

---

[1] "The Navy Marine Corps Acquisition Regulation Supplement (NMCARS), which implements and supplements the [DFARS], contains policies and procedures including delegations of authority and assignment of responsibilities. The NMCARS also addresses administrative matters including procedures for processing documents for higher-level approval, internal reporting requirements, and discretionary practices." Assistant Secretary of the Navy for RDA NMCARS, https://www.secnav.navy.mil/rda/DASN-P/Pages/NMCARS.aspx

[2] The Secretary of the Navy is the head of the agency.  10 U.S.C. § 8013; DFARS 202.101.  Pursuant to 10 U.S.C. § 8014, the Office of the Secretary of the Navy's responsibility for acquisition has been delegated to the Assistant Secretary of the Navy (Research Development & Acquisition) (ASN(RD&A)).  *See* Secretary of the Navy Instruction (SECNAVINST) 5400.15; *see also* 10 U.S.C. § 8016.  Specifically, ASN(RD&A) is designated to "exercise the authority to perform all acquisition functions assigned to the 'agency head,' the 'head of the agency,' the Secretary of the Military Department,' or the SECNAV by statute, executive order, or regulation, to the extent that those functions can properly be delegated." SECNAVINST 5400.15D, Encl. 1, paragraph 2.c.  "The NMCARS is prepared, issued, and maintained pursuant to the authority of [SECNAVINST] 5400.15." NMCARS 5201.103(b).  The NMCARS establishes uniform Department of the Navy (DON) policies and procedures implementing and supplementing the FAR and the DFARS. NMCARS 5201.101.  "The NMCARS applies to all DON activities in the same manner and to the same extent as specified in FAR 1.104 and DFARS 201.104." NMCARS 5201.104.  "The FAR applies to all acquisitions as defined in part 2 of the FAR, except where expressly excluded."  FAR 1.104. DFARS 201.104 expands the FAR and DFARS applicability to purchases and DoD contracting activities in support of foreign military sales or North Atlantic Treaty Organization cooperative projects.  DFARS 201.104.  In accordance with these authorities, the Secretary of the Navy's authority to appoint an SSA has been delegated to ASN(RD&A) and further delegated to the PEOs.

[3] RADM Moton's email signature block establishes that he was the PEO. Ex. 1.  Further confirmation of his role as PEO is found at https://www.navy.mil/Leadership/Flag-Officer-Biographies/BioDisplay/Article/2236471/rear-admiral-casey-moton ("He assumed duties as Program Executive Officer, Aircraft Carriers in July 2023.")

subject procurement in an email dated December 5, 2024, to Christopher Overton, the Director for Surface Ship Nuclear Propulsion, and Mr. Meyer.  Ex. 1; AR 10276.  Consistent with this appointment, the PEO's selection is currently reflected in the Administrative Record by Mr. Meyer's signature approving the Source Selection Plan.  AR 2, 5.

To the extent the Court's questions regarding the SSA's appointment concern the SSA's responsibility for deciding to reject a late proposal, that is the CO's duty, not the SSA's.  FAR 15.208(f).  While there are a few provisions, such as FAR 15.303(b)(6), that specify the SSA's responsibilities for matters such as choosing the proposal that provides the best value to the Government in accordance with evaluation criteria and solicitation, it is the CO who must complete a threshold administration upon proposal receipt at the close of the solicitation before presenting proposals for the SSA's consideration.  *See, e.g.,* FAR 52.215-1(c)(3)(ii)(A) (setting forth that a late proposal will not be considered unless several conditions are met, including, *inter alia,* the CO's determination that consideration of the proposal will not delay the procurement).  If the Contracting Officer has not accepted a late proposal, there is no offer for the SSA to consider because "a late proposal is tantamount to no proposal at all."  *Labatt Food Serv., Inc. v. United States*, 577 F.3d 1375, 1381 (Fed. Cir. 2009).

**II.     Documentation Memorializing the Appointment of the SSA Is Not Applicable to Resolution of this Protest**

In its order, the Court also asked about the applicability of FAR 15.303(a) and other provisions.  However, if there were no written documentation of the appointment, FAR 15.303(a) and similar provisions have no bearing on resolution of this protest because any such argument has been waived and ShipCycle cannot show any harm or prejudice connected to an error in documenting the appointment of the SSA.

3

A.  **ShipCycle Has Waived Any Argument Related to the SSA's Appointment**

Plaintiff, HII ShipCycle, LLC (ShipCycle) has never argued that the lack of documentation regarding the SSA's appointment constitutes a ground upon which its protest should be sustained. ShipCycle has thus waived any such argument. *IAP Worldwide Services, Inc. v. United States*, 159 Fed. Cl. 265, 306 (2022) (arguments not raised by a party in its MJAR are waived); *Sarro & Assocs., Inc. v. United States*, 152 Fed. Cl. 44, 58 (2021) ("A party's failure to raise an argument in an opening or responsive brief constitutes waiver.") (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1273–74 (Fed. Cir. 2002)). Thus, even if there were a failure to properly document the appointment of the SSA, the Court could not consider that as a ground for sustaining ShipCycle's protest. *Greenlaw v. United States*, 554 U.S. 237, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (Courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) (Courts "do not, or should not, sally forth each day looking for wrongs to right. . . . [They] decide only questions presented by the parties.").

B.  **ShipCycle Has Not Pleaded, and Cannot Plead, Any Prejudice Connected to an Error Documenting the SSA's Appointment.**

ShipCycle's failure to raise an issue with documentation of the SSA's appointment was done for good reason; ShipCycle cannot show any harm or prejudice connected to any alleged failure to document the appointment of the SSA. Such particularized harm and prejudice resulting directly from an alleged error is necessary for a successful bid protest. *Labatt Food Serv., Inc. v. United States*, 577 F.3d 1375, 1378 (Fed. Cir. 2009) ("[T]o prevail the bid protester must first show that it was prejudiced by a significant error in the procurement process. A party has been prejudiced when it can show that but for the error, it would have had a substantial

4

chance of securing the contract.") (internal citations omitted).[4] ShipCycle was "eliminated from the competition . . . [because] its proposal was late." AR 9920. Whether there was proper documentation of the SSA's appointment (which there was) had no bearing on ShipCycle's elimination from consideration and is thus irrelevant to resolution of this protest.

## **CONCLUSION**

The appointment of the SSA for this procurement complies with FAR 15.303(a) and the other authorities discussed above, so the Navy did not err. Even if the Navy had erred with regard to the SSA's appointment, that error would not constitute grounds for sustaining ShipCycle's protest because ShipCycle has waived such an argument and because ShipCycle has not pleaded, and cannot plead, prejudice resulting from such an error. ShipCycle's proposal was eliminated from consideration because it was late and no exception to the strict late-is-late rule applies. Accordingly, for the reasons set forth above and in our prior briefing, we respectfully request this Court grant our Cross-Motion for Judgment on the Administrative Record and deny ShipCycle's protest.

---

[4] In *Labatt*, the Federal Circuit rejected the protestor's argument that an agency error affecting all offerors, including the protestor, demonstrated the requisite prejudice and instead held that the protestor must allege the error constituted "disparate treatment or [caused] particularized harm." *Labatt Food Serv., Inc.*, 577 F.3d at 1380.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | STEVEN J. GILLINGHAM<br>Assistant Director |
| Of counsel:<br>Samantha J. Hogue<br>Office of Counsel<br>Naval Sea Systems Command | <u>/s/ Thomas J. Adair</u><br>THOMAS J. ADAIR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-7955<br>Email: thomas.adair@usdoj.gov |
| December 4, 2025 | *Attorneys for the United States* |

6