IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| HII SHIPCYCLE, LLC., <br><br> *Plaintiff,* <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant,* <br><br> and <br><br> NORTHSTAR MARITIME DISMANTLEMENT SERVICES, LLC, <br><br> *Defendant-Intervenor.* | No. 25-1336 <br> Judge Philip S. Hadji |

**DEFENDANT'S OPPOSED MOTION
FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to paragraph 25 of section VII of Appendix C to the Rules of the Court of Federal Claims, defendant, the United States, respectfully moves the Court for leave to supplement the administrative record with the two documents attached as Exhibit 1 and 2. We have conferred with counsel for plaintiff, HII ShipCycle, LLC (ShipCyle), who has represented that ShipCycle is opposed to the relief sought herein based on what it considers to be the post-hoc nature of the documents.

As set forth in ECF No. 71 and 77, the Court has raised concerns regarding the appointment of the Source Selection Authority (SSA) in the subject procurement. Although we do not believe any issue remains concerning the SSA's authority in light of our supplemental filing on this issue (ECF No. 74), the Court scheduled a status conference for December 18, 2025 (since cancelled) to further address the SSA's authority. Accordingly, in preparation for that and

to fully address any questions or concerns the Court might have, we obtained the attached exhibits, which the Government requests be added to the record. Exhibit 1 is a signed writing from the Program Executive Officer (PEO), dated December 18, 2025, confirming his appointment of the SSA consistent with the December 5, 2024 correspondence found in the record at AR 10276 and attached to the Government's response to the Court's order of December 1, 2025 (ECF No. 74). Exhibit 2 is a writing in the form of an email of December 18, 2025 from the Deputy Secretary of the Navy waiving the requirement that the appointment of the SSA be recorded in a written instrument.[1]

We submit these exhibits now because they relate to questions raised by the Court subsequent to oral argument in this matter. Ultimately, the purpose of this suit is to resolve the protest so that the Navy can proceed properly and expeditiously with the procurement. Thus, raising any matter of concern sooner rather than later—especially if it might eventually moot a decision that turns on the authority of the SSA—serves the Court's and the parties' interest in doing just that.

---

[1] Certain requirements of the Federal Acquisition Regulation (FAR) may be waived after the fact. *See, e.g., Matter of: Perspecta Enter. Sols., LLC*, B- 418533.2 (Comp. Gen. June 17, 2020) ("we find that the [Navy's] [subsequent] waiver of the potential [organizational conflict of interest] at issue was consistent with the record . . . [w]e therefore deny this protest ground."). The applicable provision in the present suit, which states that the SSA shall be appointed "in writing" is not in the FAR; it is an internal procedure found at paragraph 1.2 of the Department of Defense Source Selection Procedures (August 20, 2022).

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>BRETT A. SHUMATE<br>Assistant Attorney General</td></tr>
<tr><td></td><td>PATRICIA M. McCARTHY<br>Director</td></tr>
<tr><td></td><td>STEVEN J. GILLINGHAM<br>Assistant Director</td></tr>
<tr><td>Of counsel:<br><br>Samantha J. Hogue<br>Office of Counsel<br>Naval Sea Systems Command</td><td><u>/s/ Thomas J. Adair</u><br>THOMAS J. ADAIR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-7955<br>Email: thomas.adair@usdoj.gov<br><br>*Attorneys for the United States*</td></tr>
</table>

3